UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————

№ 12-cv-2318 (JFB) (GRB)

————————————

KENNETH KUHNER,

Plaintiff,

VERSUS

MONTAUK POST OFFICE,

Defendant.

————————————

**MEMORANDUM AND ORDER**
April 4, 2013

————————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Kenneth Kuhner ("plaintiff" or "Kuhner") brought this action against the Montauk Post Office ("defendant") alleging that the United States Postal Service ("USPS") mistakenly delivered a package addressed to plaintiff to another individual. Defendant now moves to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is granted. Specifically, this Court lacks subject-matter jurisdiction over this action because the United States has not waived its sovereign immunity under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), for claims arising out of the mis-delivery of mail.

I. BACKGROUND

Plaintiff commenced this action in East Hampton Town Court (a small claims court) on March 23, 2012, seeking $108.12 in damages arising out of the mis-delivery of a package by employees of the Montauk Branch of the United States Postal Service ("USPS"). Plaintiff claims that the USPS delivered a package addressed to plaintiff to another individual. (ECF No. 1). On May 10, 2012, defendant removed the action to this Court.

On October 24, 2012, defendant submitted a letter regarding the status of the case and requested that the Court schedule a pre-motion conference. By order dated October 26, 2012, the Court waived the pre-motion conference in this matter, and set a briefing schedule. On January 28, 2013, defendant submitted its motion to dismiss, arguing that this Court lacks subject-matter jurisdiction over this action because (1) the United States has not waived its sovereign immunity for claims arising from negligent transmission of the mail, and (2) plaintiff

failed to exhaust his administrative remedies. Plaintiff has not submitted an opposition to that motion, or otherwise appeared in this action since commencing this lawsuit in East Hampton Town Court.

II. STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Where, as here, the plaintiff is proceeding *pro se*, courts are "'obliged to construe his pleadings liberally.'" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)); *see also McPherson v.* Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (stating that a *pro se* plaintiff's pleadings must be interpreted "to raise the strongest arguments that they suggest" (citation and internal quotation marks omitted)). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

III. DISCUSSION

The Court interprets plaintiff's claim against the Montauk Post Office as an action against the United States under the FTCA. Specifically, under the Postal Reorganization Act ("PRA"), 39 U.S.C. § 101, *et seq.*, the USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. Thus, the USPS "enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006). As the Supreme Court explained in *Dolan*, "[a]lthough the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name, the statute also provides that the FTCA 'shall apply to tort claims arising out of activities of the Postal Service,' § 409(c)." *Id.* (additional citations and quotation marks omitted).

The FTCA provides, in relevant part:

> Subject to the provisions of chapter 171 of this title [28 U.S.C. §§ 2671 *et seq.*], the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in

accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). By enacting the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. *See Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004). However, "[t]he waiver of sovereign immunity under the FTCA . . . is strictly limited to suits predicated upon a tort cause of action cognizable under state law and brought in accordance with the provisions of the FTCA," *Finelli v. Drug Enforcement Agency*, No. 92 Civ. 3463, 1993 WL 51105, at *5 (S.D.N.Y. Feb. 24, 1993), and this constitutes the exclusive remedy for torts committed by federal employees in the course of their duties, *see James v. United States*, No. 99 Civ. 4238, 2000 WL 1132035, at *1 (S.D.N.Y. Aug. 8, 2000); *see also Finelli*, 1993 WL 51105, at *1 ("While this provision does not apply to suits for violation of federal constitutional or statutory rights, it is well settled that it does provide Government employees with absolute immunity against claims of common-law tort." (citing *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991))). Thus, to the extent that plaintiff alleges that the United States, or any agency thereof, committed common law torts against plaintiff, any such claim is governed by the FTCA.

"However, Congress carved out explicit exceptions to this waiver of sovereign immunity, including the 'postal matter exception,' which preserves sovereign immunity for '[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.'" *Gildor v. U.S. Postal Serv.*, 179 F. App'x 756, 758 (2d Cir. 2006) (quoting 28 U.S.C. § 2680(b)) (alteration in original). Thus, immunity is retained "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489.

In the instant case, plaintiff is clearly alleging damages as a result of a package addressed to him being mis-delivered by the USPS to the wrong individual. This claim clearly falls within the "postal matter exception" to the waiver of sovereign immunity. Accordingly, plaintiff's "tort claim[] alleging negligence on the part of the Postal Service in mis-delivering his package . . . [is] barred by sovereign immunity" and dismissed for lack of subject-matter jurisdiction. *Id.* at 758-59; *see also Anderson v. U.S. Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985) (per curiam) ("[Plaintiff's] tort claim against the Postal Service for loss of his package during the robbery was barred by sovereign immunity and the district court properly dismissed it."); *Djordjevic v. Postmaster Gen.*, 911 F. Supp. 72, 74-75 (E.D.N.Y. 1995) (plaintiff's tort claim against United States arising out of failure to deliver a package was barred by the doctrine of sovereign immunity and dismissed for lack of subject-matter jurisdiction); *Brandofino v. U.S. Postal Serv.*, 14 F. Supp. 2d 1160, 1163 (D. Ariz. 1998) (stating that the United States retains sovereign immunity for claims "based on incidents such as delays in delivering a letter, delivering it to the wrong address, and the loss of a package").[1]

Given the Second Circuit's preference to adjudicate *pro se* complaints on the merits, the Court has considered whether leave to

---

[1] In the alternative, even if the exception did not bar this case on sovereign immunity grounds, the claim must be dismissed under the FTCA because plaintiff has failed to demonstrate that he exhausted his administrative remedies. *See* 28 U.S.C. §§ 2401(b); 2675(a).

3

amend the complaint should be granted. The Second Circuit has emphasized that because "[a] pro se complaint is to be read liberally," courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, even under this liberal standard, the Court finds that any attempt to amend the pleading in this case would be futile. As discussed in detail supra, this Court lacks jurisdiction to hear plaintiff's claims. Accordingly, it is abundantly clear that no amendments can cure the jurisdictional defect in this case, and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). Accordingly, leave to re-plead is denied.

IV. CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss. The Clerk of the Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 4, 2013
      Central Islip, NY

\* \* \*

Plaintiff is proceeding *pro se*, P.O. Box 2332, Montauk, NY 11954. Montauk Post Office is represented by James Halleron Knapp, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, NY 11722.